UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JUAN ANTONIO RAMIREZ, § | |
| § | |
| Petitioner, § | |
| § | CRIMINAL ACTION NO. V-03-40 |
| v. § | CIVIL ACTION NO. V-05-83 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Juan Antonio Ramirez's ("Ramirez") Motion Pursuant to Title 28 U.S.C. § 2255 For a Prisoner in Federal Custody (Dkt. #126). The Court, having reviewed the motion, the record and the relevant law, is of the opinion that Ramirez's motion should be DENIED. The Court also DENIES Ramirez a Certificate of Appealability.

**Facts and Procedural History**

On June 19, 2003, the Government filed an indictment against Ramirez and three co-defendants (Dkt. #1). On October 6, 2003, Ramirez signed a plea agreement and pled guilty to Count 1 of the indictment. (Dkt. #57). Count 1 charged Ramirez with the possession of approximately 388 kilograms of marihuana with intent to distribute. On January 5, 2004, the Court sentenced Ramirez to 60 months in custody to be followed by four years of supervised release. (Dkt. #91). Judgment was entered on January 12, 2004. (Dkt .#94). Ramirez failed to file an appeal. Although not received by the clerk until August 8, 2005, Ramirez filed the pending § 2255 motion on August 4, 2005, the date that he tendered his papers to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

**Discussion**

A motion filed under Section 2255 must be filed within one year of the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2255.  The operative date in this case is January 26, 2004, which is the last day that Ramirez could have filed a timely notice of appeal.  On that date, Ramirez's judgment of conviction became final because he failed to file an appeal.  Fed. R. App. P. 4(b); *Plascencia v. United States,* No. Civ. A. 105CV111-C, Civ. A. 103CR035C, 2005 WL 2124465, *1 (N.D. Tex. Sep. 1, 2005)(citing Fed. R. App. P. 4(b); *Moshier v. United States,* 402 F.3d 116, 117 (2d Cir. 2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)).  Because Ramirez filed his motion to vacate, set aside, or correct sentence on August 4, 2005, which is more than one year after January 26, 2004, his § 2255 motion is untimely and he is not entitled to relief.[1]

---

[1] A district court may raise the statue of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 *sua sponte*.  *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

**Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). Although Ramirez has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Ramirez's § 2255 motion nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Ramirez is not entitled to a COA as to any of his claims.

## Conclusion

For the foregoing reasons, Ramirez's 28 U.S.C. § 2255 Motion is DENIED. The Court also DENIES Ramirez a Certificate of Appealability.

It is so ORDERED.

Signed this 9th day of May, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE